STIMPER v. FUCHS & LANG MFG. CO.

(Supreme Court, Appellate Division, Second Department.　February 11, 1898.)

1. INJURY TO EMPLOYE—NEGLIGENCE OF MASTER.

The evidence showed that plaintiff, an infant, entered defendant's machine shops as apprentice to perform only certain duties, not in themselves dangerous, but that he was ordered by defendant's foreman to work a pump which the foreman failed to secure by a rope so as to prevent it from falling apart, and while so at work plaintiff was injured by a part of the pump falling upon him.　*Held*, that the jury were authorized to find defendant negligent in directing plaintiff to work the pump.

2. SAME—NEGLIGENCE OF FOREMAN.

The failure of a company's foreman to secure a pump, so as to prevent injury to an infant apprentice who was wrongfully directed to work the pump, was the failure of the company, for which it is responsible.

Appeal from trial term.

Action by William L. Stimper, an infant, by his guardian ad litem, Heinrich Stimper, against the Fuchs & Lang Manufacturing Company.　From a judgment nonsuiting him and dismissing his complaint, plaintiff appeals.　Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Henry M. Dater (George F. Elliott and Jay S. Jones, on the brief), for appellant.

Frank V. Johnson (Robert Thorne, on the brief), for respondent.

HATCH, J.　The plaintiff was an infant of about the age of 15 years.　He entered the machine shop of the defendant for the purpose of learning the trade of a machinist, and had been at work for about six weeks, when the accident happened which forms the support for this action.　The evidence given upon the trial would have authorized the jury to find that the plaintiff was not to be set at work upon or about any machine in the shop until such time as such employment would be deemed proper by his father, and that he entered upon his employment with that understanding, and that his employment upon or about the machines had not been authorized by his father at the time when the accident happened.　According to the testimony of the father, the plaintiff was simply to be employed in cleaning up the shop, running errands, and drilling holes.　This arrangement was assented to by the defendant, and it was upon this understanding that the employment began.　The duties thus specified, it may be assumed, involved no danger to life or limb.　Instead, however, of confining his employment to these duties, the evidence establishes that he was directed by the defendant's foreman to assist in operating a lever about an hydraulic pump, and while so engaged the pump fell, and some of the pieces came in contact with plaintiff's head, inflicting a wound, and also fell upon one foot, injuring it severely.　The evidence clearly justified a finding that the pump fell apart through some inherent defect, or by reason of the negligence of the foreman in giving a direction to the plaintiff about the management of the lever, and also in failing

to observe proper precautions to secure the parts of the pump from falling when the pressure was reversed or increased. The evidence in detail is quite short. The plaintiff was engaged in cutting paper which was placed in the machine, and pressure applied upon it by means of the pump. He was called by a fellow workman to assist at the lever and responded to the call. While so employed he was directed to let the pressure down, and as he did so one of the irons composing the pump or machine fell out, and came in close proximity to plaintiff, but did not touch him. The workman then desisted from his operations, and sent for the foreman, who came and gave directions about the machine and the work. The foreman called the plaintiff to again come to the lever, and he and a helper worked it. The foreman was arranging a part of the machine which did not exactly fit, and gave the direction, "Just pump it a couple of times more," which plaintiff and the helper did, and the machine gave way, inflicting the injury of which complaint is made. Upon these facts the jury were clearly authorized to find that the defendant was guilty of a negligent act in permitting or directing the plaintiff to work about this machine. Railroad Co. v. Fort, 17 Wall. 553; Railway Co. v. Bayfield, 37 Mich. 210. The evidence also disclosed that the machine could have been secured by a rope when paper was being placed therein, which would have secured the parts from falling. The declaration of the foreman after the accident was: "We were too lazy to go down stairs to get the rope, and it fell down. We ought to have a rope. * * * If there was a rope, it wouldn't happen." The failure of the foreman to properly secure the machine, and protect the plaintiff, was the failure of the master, and for negligence in this regard the defendant was clearly responsible. McGovern v. Railroad Co., 123 N. Y. 280, 25 N. E. 373. There was no question of contributory negligence in the case; at least, if there was, it was for the jury. The plaintiff was clearly entitled to have his case submitted to the jury, and it was error to dismiss his complaint.

The judgment should be reversed, and a new trial granted, costs to abide the event. All concur.